RAMÓN MONTANER, MANAGER OF STATE FUND, Appellant, v. INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent. VICENTE USERA, Petitioner before INDUSTRIAL COMMISSION.

No. 188. Argued January 29, 1940.—Decided February 14, 1940.

*George A. Malcolm, Attorney General, E. Campos del Toro and E. de Aldrey, Assistant Attorneys General, and Víctor J. Vidal González, for appellant. M. León Parra for appellee. E. Arjona Siaca for petitioner before Industrial Commission.*

MR. JUSTICE TRAVIESO delivered the opinion of the court.

On January 13, 1939, we rendered a decision in *Montaner, Manager, v. Industrial Commission,* 54 P.R.R. 52, in which we held that the Industrial Commission has full authority, under section 24 of Act No. 45 of 1935 (1) p. 250, to reduce and modify the rates fixed for each group of trades or industries by the Manager of the State Fund. Therefore we affirmed the decision of the commission as to the reduction of the rate from $5.85 to $4.49 during the fiscal year 1937–38 for each $100 of wages paid under classification 0030 referring to sugar-cane cultivation.

On August 4, 1937, Vicente Usera, insured with the State Fund under policy No. 1217 covering the fiscal year 1937–38, wrote to the Industrial Commission to the effect that on that same date he had forwarded to the manager of the State Fund his check for $255, of which $218.53 were to be applied to the payment of one half of the premium rate fixed by the said manager upon the said policy, and he stated therein that such payment was made under protest, owing to the refusal by the manager to accept the rates fixed by the commission.

On August 10, 1937, the secretary of the commission wrote to Usera acknowledging receipt of his letter of the 4th of the same August and closed his letter as follows:

"If what you want is to have the Commission review the premium rate or rates of the classifications of risk in your business, you must file with the Commission an application for the revision of premium

rates in accordance with the provisions of section 24 of Act No. 45 of 1935.''

Two days afterwards Usera wrote to the Industrial Commission a letter which reads as follows:

''Gentlemen:

''In reference to my letter of the 4th instant to your Commission relative to the payment made by me under protest of one half of the premium rate for 1937–38 upon my workmen's insurance policy No. 1217, *I respectfully apply for a revision of the said rates by your Commission, as I consider them to be excessively high and unjustified.*'' (Italics ours.)

On October 27, 1939, the Industrial Commission rendered a decision whose dispositive part reads as follows:

''It is the opinion of the Industrial Commission that the above petition contains the necessary elements to constitute a petition for a rate revision, under the law, and, therefore, the Manager of the State Fund should consider this employer as covered by the decision of the Supreme Court of January 13, 1939.''

The reconsideration sought by the manager of the State Fund having been denied, the latter brought this appeal before us on the following grounds:

1. That the letter from Usera of August 12, 1937, *supra*, is not the petition for revision referred to in subdivision 1 of section 24 of the statute ''because the same fails to set forth the premium rate or rates objected to, or the classification in which such premium rate or rates are included, nor are there expressed therein the reasons why said premium rates should be amended.

2. That the manager was not served with copy of the said letter nor was he made a party to the proceeding nor given his day in court to enable him to oppose the claim of Usera.

3. That the procedure followed by the Commission deprives The People of Puerto Rico of its property without due process of law.

The appeal must be dismissed as frivolous and because the question involved is purely academic.

Subdivision 1 of section 24 of the statute involved provides that the aggrieved party may file ''a petition for review

by said commission of the decisions rendered by the manager in regard to rates or premiums for one or more occupations or industries, giving the reasons why said rates or premiums should be amended; . ." The letter from Usera substantially complies with the statute. It begins by referring to his letter of August 4, 1937, filed with the commission, in which he set forth the number of his policy, the year covered by it, the amount fixed by the manager and paid under protest. He respectfully applied for a revision of the rates in question fixed by the manager in contravention of the resolution of the commission. As ground for the reduction sought by him it was alleged that the rates fixed by the manager of the State Fund were excessive.

That the rates fixed by the manager were excessively high was a question already settled by the commission and affirmed by the Supreme Court. The manager of the State Fund had his day in court and was heard by the commission and by this court when rendering its decision of January 13, 1939, involving the same question whose review had been timely sought by Usera. If the commission failed to require the manager of the State Fund to answer the petition for review filed by Usera, it was unquestionably due to the fact that the commission considered that the determination of the case depended on the decision to be rendered in the case brought by Antonio Matos et al., where the question involved was similar to the one before us.

As we consider the petition for review filed by Usera to be sufficient and that the remanding of the case to the commission for further proccedings would not favor the appellant at all, inasmuch as our decision would be similar to the one in *Matos et al.* (54 P.R.R. 52), *supra,* we hold that the appeal shall be dismissed and the decision appealed from affirmed.